RECEIVED
IN LAKE CHARLES, LA.

JUL 07 2015

TONY R. MOORE, CLERK
BY_____ 

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NORMAN FRUGE, | * | CIVIL ACTION NO. 2:14-cv-2382 |
| Plaintiff, | * | |
| v. | * | JUDGE PATRICIA MINALDI |
| BURLINGTON RESOURCES OIL & GAS CO. L P, ET AL., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MEMORANDUM ORDER</u>

Before the court is Burlington Resources Oil & Gas Company, LP's ("Burlington") Objections and Request for Review of the Magistrate Judge's Order [Doc. 27], to which Norman Fruge ("Fruge") has filed a Response [Doc. 29], to which Burlington has filed a Reply [Doc. 30]. For the following reasons, the Memorandum Ruling [Doc. 26] is **AFFIRMED** and Fruge's Motion to Remand [Doc. 9] is **GRANTED**.

FACTS & PROCEDURAL HISTORY

This is an oilfield legacy case that was originally filed by Fruge in the Thirty-First Judicial District for the Parish of Jefferson Davis, Louisiana, on May 4, 2012.[1] In the original petition, Fruge, a domiciliary of Louisiana, named several diverse and non-diverse defendants.[2] The Department of Environmental Quality ("DEQ") and the Louisiana Department of Natural Resources ("DNR") were the non-diverse defendants named.[3] In his amended petition, filed on September 24, 2012, Fruge alleged that the employees of the DEQ and the DNR "were responsible for approving and issuing well permits, monitoring e/p operations, supervising

---

[1] Pet. for Damages [Doc. 9-2], at 2.
[2] *Id.* ¶¶ 2-8.
[3] *Id.* ¶¶ 7-8.

disposal of waste and hazardous materials, inspecting well sites and a numerous other localized activities."[4]

Fruge requested written discovery from the DEQ and the DNR in the form of Interrogatories and Requests for Production of Documents.[5] However, the DEQ and the DNR never responded to these requests.[6] The DEQ and the DNR disputed Fruge's choice of venue in this matter, and after the trial court ruled that venue was proper, the DEQ and the DNR appealed to the Louisiana Third Circuit Court of Appeal.[7] After the DEQ and the DNR's writ was denied on December 17, 2012, they filed a writ application with the Louisiana Supreme Court, which was also denied on February 8, 2013.[8]

On June 30, 2014, Fruge filed a voluntarily motion to dismiss the DEQ and the DNR without prejudice.[9] The motion was granted and the defendants thereafter filed a notice of removal on July 25, 2014, based on this court's diversity jurisdiction.[10] Fruge filed the instant motion to remand on August 24, 2014.[11]

## LAW & ANALYSIS

### I.   Standard of Review

The defendants request that the court review the Magistrate Judge's decision under Federal Rule of Civil Procedure 72(b)(3).[12] The plaintiffs assert that the Rule 72(a) provides the correct standard of review.[13]

---

[4] Am. Pet. for Damages [Doc. 9-3] ¶ 26.
[5] Pl.'s First Set of Interrogs. and Reqs. For Produc. to Defs. [Doc. 16-2].
[6] Burlington's Opposition to Pl.'s Mot. to Remand [Doc. 16], at 3.
[7] See Exh. A, Part 1 of State Ct. R., Resp. to Removal Order [Doc. 11-1] & Ex. A, Part 3 of State Ct. R., Resp. to Removal Order [Doc. 11-3], at 98.
[8] See Exh. A, Part 3 of State Ct. R., Resp. to Removal Order [Doc. 11-3], at 98, 437.
[9] *Id.* at 447.
[10] *Id.*; and Not. of Removal [Doc. 1].
[11] Mot. to Remand [Doc. 9].
[12] Burlington's Objections and Request for Review of the Magistrate Judge's Order [Doc. 27], at 3.
[13] Fruge's Resp. to Burlington's Objections [Doc. 29], at 3.

Rule 72(a) dictates that a district judge must review decisions on nondispositive motions by the magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. PRO. 72(a). A finding may be said to be "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (citation omitted). Rule 72(b)(3) states that in resolving objections to dispositive motions, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. PRO. 72(b)(3).

Although the law is, perhaps, unsettled in this circuit on this point, district courts in this circuit have generally adhered to the view that motions to remand are non-dispositive pretrial matters and have applied the clearly erroneous standard of review pursuant to 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. PRO. 72(a). *See, e.g., Lonkowski v. R.J. Reynolds Tobacco Co.*, No. Civ. A. 96–1192, 1996 WL 888182, at *2–4 (W.D. La. Dec. 10, 1996); *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.*, 844 F.Supp. 1156, 1162 (S.D.Tex.1994); *Bethay v. Ford Motor Co.*, No. Civ. A. 99–0367, 1999 WL 496488, at *1 (E.D. La. July 13, 1999). The Fifth Circuit has also implicitly sanctioned the authority of a magistrate judge to consider and issue a remand order in a recent decision. Although the authority of the magistrate judge was not challenged, the Fifth Circuit affirmed an order remanding certain actions without objecting to the magistrate judge's actions. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 382–83 (5th Cir. 2009). Accordingly, a motion to remand is a non-dispositive matter, and this Court will apply a deferential standard of review.[14]

---

[14] However, out of an abundance of caution, the court also notes that it would have reached the same result under *de novo* review. Where appropriate, the court will supplement its analysis to show how it would have reached the same conclusion via footnote.

## II. Timeliness of Removal on Diversity Grounds

The removing party bears the burden of establishing the propriety of removal when faced with a motion to remand. *Joiner v. McLane Co., Inc.*, No. 08 CV 130, 2008 WL 1733655, at *1 (W.D. La. Apr. 14, 2008). 28 U.S.C. § 1446 provides that a case may not be removed on the basis of diversity more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1) (2015). This is a codification of the principle set forth by the Fifth Circuit Court of Appeals in *Tedford v. Warner-Lambert Co.*, and is sometimes referred to as the *Tedford* exception. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426-28 (5th Cir. 2003). Subsequent cases have noted that the plaintiff in *Tedford* engaged in "manipulative and seemingly fraudulent" maneuvers to run the one-year limitations period. *See, e.g., William v. Nat'l Heritage Realty*, 489 F.Supp.2d 595, 596 (N.D. Miss. 2007). The court is not required to "engage in speculation to interpret the cause of the plaintiff's conduct." *Foster v. Landon*, No. Civ.A. 04-2645, 2004 WL 2496216, at *3 (E.D. La. Nov. 4, 2004).

### A. Objection to Magistrate Judge's Holding that Burlington Did Not Remove Within Thirty Days and Therefore Is Not Entitled to the *Tedford* Exception

This is a mischaracterization of the Magistrate Judge's ruling in this matter. In the Memorandum Ruling, the Magistrate Judge notes that Burlington argues that Fruge's petitions do not state a claim for which the DNR or the DEQ would be liable. Burlington presents this as evidence of bad faith. However, if the petitions failed to state any causes of action against the DNR and the DEQ, Burlington was on notice that Fruge had fraudulently joined the DNR and the DEQ. This is the point that the Magistrate Judge was making—not that failure to remove within thirty days strips a defendant of the possibility of applying the *Tedford* exception. In the

preceding paragraph, the Magistrate Judge had already reached the conclusion that "we are not convinced that the plaintiff clearly acted in bad faith to prevent removal."[15]

Burlington asserts that the failure to assert claims against either the DNR or the DEQ is evidence that Fruge never intended to pursue any claims against the DNR or the DEQ. It argues that this is one piece of evidence and that the court should also consider "an absence of meaningful discovery intended to develop such claims, and a pattern of joining and dismissing non-diverse state-agency defendants."[16] However, within the same objection, Burlington also raises the point that it was reasonably diligent in removal. Again, as the Magistrate Judge pointed out in the Memorandum Ruling, this argument is unpersuasive if, as Burlington contends, no cause of action was ever alleged against either the DNR or the DEQ.

### B. Objection to the Finding that the Plaintiff "Ardently Pursued" Claims Against the Non-Diverse Defendants

In support of this objection, Burlington argues that the same boilerplate discovery was propounded on all defendants, including the DNR and the DEQ, and that the plaintiff made no attempt to develop claims against the agencies. Further, Burlington asserts that a "strict application of the one year limitation in this instance will only encourage the inclusion of the state agencies in future legacy suits to avoid diversity jurisdiction and deprive defendants of their rights to a federal forum."[17]

Fruge issued written discovery to the DNR and the DEQ. He also pursued litigation with the DNR and the DEQ in Jefferson Parish District Court, the Third Circuit Court of Appeals for the State of Louisiana, and the Louisiana Supreme Court. The facts show that Fruge was engaging in the litigation process with the DNR and the DEQ. The Magistrate Judge's

---

[15] Memo. Ruling [Doc. 26], at 6.
[16] Burlington's Objections and Request for Review of the Magistrate Judge's Order [Doc. 27], at 4.
[17] *Id.* at 6.

conclusion that Fruge pursued his claims against the DEQ and the DNR is not clearly erroneous.[18]

### C. Objection to the Holding that the *Tedford* Extension Did Not Apply Because Plaintiff Waited Well Over One Year to Dismiss the Non-Diverse Defendants

Burlington relies on *In re Propulsid Products Liability Litgation* to argue this objection. *In re Propulsid Prods. Liab. Lit.*, MDL No. 1355, 2007 WL 1668752 (ED. La. June 6, 2007). In *In re Propulsid*, the plaintiff's motion to remand was denied on the basis that the plaintiff had manipulated the statutory rules for determining federal removal jurisdiction. *Id.* at *1. The plaintiff filed suit on September 6, 2002, and then dismissed the last non-diverse defendant on November 5, 2005. *Id.* Two weeks after the last non-diverse defendant was dismissed, the remaining diverse defendant removed the action. *Id.* In denying the motion to remand, the court reasoned that the plaintiff served no discovery on the non-diverse defendants, took no depositions, and never identified any experts to offer opinions. *Id.* Furthermore, the plaintiff gave no justifiable reason for dismissing the non-diverse defendants over three years after suit was filed. *Id.*

The Magistrate Judge made no clear error of law or fact in differentiating *In re Propulsid*. Fruge sent the DNR and the DEQ the same sets of interrogatories and requests for production of documents as to the other defendants. He also engaged with the DNR and the DEQ in litigation the issue of venue. Additionally, Fruge did not dismiss the DNR and the DEQ until over a year after the Louisiana Supreme Court denied the writ application.[19]

Burlington has not met its burden in showing that Fruge was in bad faith or engaged in manipulative maneuvers. The *Tedford* exception does not apply in this matter.

---

[18] Additionally, the court declines to speculate as to the cause for his conduct. Burlington's allegations on this issue are insufficient to bear its burden of showing that Fruge acted in bad faith.

[19] The court also finds that *In re Propulsid* is not controlling in this matter. There was no discovery requested in *In re Propulsid*—unlike this case—and furthermore, Fruge engaged with the defendants in litigation the issue of venue.

Accordingly,

**IT IS ORDERED** that the Memorandum Ruling [Doc. 26] is **AFFIRMED.**

**IT IS FURTHER ORDERED** that Fruge's Motion to Remand [Doc. 9] is **GRANTED.**

Lake Charles, Louisiana, this _____ day of _____, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

7